Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Houston Division

| | | |
|---|---|---|
| Moss, Makayla, M | ) | Case No. ___4:25 cv4494___ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑Yes ☐No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| SLSCO, Ltd. (Sullivan Brothers); ModdCorr, LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

Second AMENDED COMPLAINT

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Makayla Moss |
| Street Address | 6203 Lakeridge Rd. |
| City and County | Arlington, Tarrant County |
| State and Zip Code | Texas, 76016 |
| Telephone Number | (682) 247- 1452 |
| E-mail Address | mossmakayla@gmail.com |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | SLSCO, Ltd. |
| Job or Title *(if known)* | Corporation (Employer) |
| Street Address | 6702 Broadway St |
| City and County | Galveston (Galveston County) |
| State and Zip Code | Texas, 77554 |
| Telephone Number | 7138809888 |
| E-mail Address *(if known)* | wsullivan@slsco.com |

Defendant No. 2

| | |
|---|---|
| Name | ModCorr, LLC |
| Job or Title *(if known)* | Corporation (Employer) |
| Street Address | 6702 Broadway St |
| City and County | Galveston (Galveston County) |
| State and Zip Code | Texas, 77554 |
| Telephone Number | 409-310-3400 |
| E-mail Address *(if known)* | info@modcorr.com |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | SLSCO, Ltd. |
| Street Address | 6702 Broadway St. |
| City and County | Galveston, Galveston County |
| State and Zip Code | Texas, 77554 |
| Telephone Number | 7138809888 |

II.    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*:    Statement of Claim (Attached to Pro Se Complaint Form)

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

January 2024 to November 2024

C.    I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race                    Association-based discrimination
- ☐ color
- ☐ gender/sex          Female, Lesbian
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

Asthma, ADHD

E.    The facts of my case are as follows.  Attach additional pages if needed.

See attached Statement of Facts (Exhibit A), incorporated by reference.

_(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)_

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

09-06-2024

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☐    issued a Notice of Right to Sue letter, which I received on *(date)*    06/20/2025

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Back pay and lost wages from July 2024 until securing new employment.
☐ The value of lost benefits, including health insurance, and the loss of a performance-based bonus denied due to retaliatory termination.
☐ Compensatory damages, including emotional distress, mental anguish, humiliation, and reputational harm.
☐ Punitive damages to punish Defendant's willful and malicious conduct and deter future misconduct.
☐ Court costs, expenses, and attorney's fees (if later retained).
☐ Any other relief the Court deems just and proper.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          10/07/2025

Signature of Plaintiff

Printed Name of Plaintiff        Makayla Moss

### B.        For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print        Save As...        Add Attachment                Reset

# STATEMENT OF CLAIM

*(Attachment to Pro Se Complaint for Employment Discrimination)*

**Makayla Moss, Plaintiff**
v.
**SLSCO, Ltd. and ModCorr, LLC, Defendants**

United States District Court
Southern District of Texas – Houston Division
Case No. **4:25-cv-04494**

---

## STATEMENT OF CLAIM

Plaintiff Makayla Moss brings this action for employment discrimination under **Title VII of the Civil Rights Act of 1964**and the **Americans with Disabilities Act (ADA).**

Plaintiff has asthma, a disability within the meaning of the ADA. Defendants were aware of Plaintiff's condition. Despite this knowledge, Defendants disciplined and ultimately terminated Plaintiff for asthma-related absences while excusing other employees for non-medical absences, including absences taken due to weather conditions. Defendants used attendance as a pretext for retaliation and subjected Plaintiff to unequal terms and conditions of employment and a hostile work environment.

Plaintiff was also discriminated against based on sex, including sexual orientation, and subjected to retaliation after engaging in protected activity, in violation of Title VII. Plaintiff further experienced association-based race discrimination as a result of her relationship with a person of another race.

As a result of Defendants' actions, Plaintiff suffered loss of employment, emotional distress, and other damages.

**See Exhibit A, Plaintiff's Statement of Facts, incorporated by reference.**

---

**Respectfully submitted,**

**Makayla Moss**
6203 Lakeridge Rd
Arlington, TX 76926
Phone: 682-247-1452
Email: mossmakayla@yahoo.com

Date: 12/07/2025

Exhibit A- Attached to Complaint filed by Plaintiff Makayla Moss

# Exhibit A

## Statement of Facts

1. Plaintiff was hired to manage trade show and marketing operations and was praised for her performance. She was asked to take on Cision, a communications/media monitoring platform, reflecting growing trust and responsibility shortly before she was fired.

2. Plaintiff is a lesbian and was open about her same-sex relationship. After bringing her Black partner to company events, Plaintiff was retaliated against: she was removed from the ModCorr account, excluded from meetings, and later disciplined, while employees who brought opposite-sex partners were not treated this way.

3. At a company lunch in May 2024, Plaintiff's supervisor initiated a discussion about her brother and sister-in-law having an "OnlyFans" account involving MMF and FFM content. The supervisor described this as "weird and gross." This sexually explicit and judgmental commentary in a professional setting was inappropriate, unwelcome, and contributed to a hostile work environment.

4. As a lesbian, Plaintiff reasonably understood these statements as expressing animus toward LGBTQ and non-heteronormative relationships, reinforcing the bias and hostility she was already experiencing.

5. At the ACA Conference in Maryland in January 2024, during a company dinner, the same supervisor made a sexualized joke about "swallowing oysters" and laughed with another coworker. When Plaintiff said she did not understand, the supervisor responded, "well, that makes sense," prompting Plaintiff to reply, "because I am lesbian?"

6. This exchange not only involved an inappropriate sexual joke in a work setting but also tied Plaintiff's sexual orientation into the ridicule.

7. Later at the ACA hotel cocktail hour, Plaintiff sat with ModCorr part-owner Joe Burch and his wife, who remarked that "gay people could sometimes be good people, like lawyers or doctors," but added that they were only acceptable "so long as they weren't too flamboyant."

8. These comments implied that LGBTQ identity was abnormal, akin to a defect, and that acceptance was conditional and rare. As an openly lesbian employee, Plaintiff was demeaned by these statements, which reinforced hostility toward LGBTQ employees.

Exhibit A- Attached to Complaint filed by Plaintiff Makayla Moss

9. In the same conversation, Stan Ledbetter recounted that a sheriff in South Texas told him that if "illegals" came onto property, they could be shot and no one would notice. Others at the table chuckled or treated the comment as acceptable.

10. Plaintiff, who has Hispanic relatives, was deeply disturbed by the comment and the lack of response.

11. The supervisor also told Plaintiff to forward her "all important work in case [Plaintiff] were hit by a train," implying Plaintiff was replaceable and reflecting disdain toward her contributions.

12. Plaintiff reported directly to the Head of Marketing, who supported her by giving her autonomy and a dedicated trade show room.

13. The supervisor resented this and imposed conflicting restrictions, requiring Plaintiff to abandon her office, work from a cubicle, and "check in" first — requirements not imposed on others.

14. Plaintiff was forced to work in unsafe warehouse conditions that aggravated her asthma. She had to change clothes during the workday because of the heat. Other employees were not subjected to these conditions.

15. When Plaintiff was finally assigned an office and set it up herself, she was terminated shortly thereafter and never allowed to use it.

16. Defendant provided disparate accommodations: coworkers were excused for minor reasons (such as rain), but Plaintiff's medically excused absences for asthma were held against her.

17. After Hurricane Beryl, Plaintiff requested accommodations, but the supervisor's response was harsher compared to coworkers with less damage, who were excused.

18. Plaintiff was removed from all ModCorr meetings and communications after bringing her partner. When mistakes later occurred, Defendant unfairly used her lack of knowledge against her in a disciplinary write-up, despite her prior inquiries as to why she was excluded.

19. The disciplinary write-up Plaintiff eventually received was fabricated and pretextual. Plaintiff had never been disciplined or warned before and was blindsided.

20. None of the issues listed had ever been discussed with her, and she had only recently been praised by ownership and leadership for her work.

Exhibit A- Attached to Complaint filed by Plaintiff Makayla Moss

21. Company ownership praised Plaintiff multiple times — including at the very event she was later disciplined for.

22. At that event, Plaintiff had stepped in last-minute after the original host failed to attend, rushing from the TDEM trade show in Fort Worth while gathering signage and materials from FedEx.

23. The owners' praise directly contradicts the alleged performance concerns cited in her write-up.

24. Defendant denied Plaintiff resources routinely provided to others, such as a company card and per diem for travel.

25. Plaintiff was forced to pay for hotels, gas, travel fees, and even check-in charges out of pocket, with reimbursements delayed or denied.

26. On one occasion, Plaintiff's personal car was used to transport alcohol for a company event after a trade show, damaging her leather interior. She was never compensated.

27. Plaintiff evacuated to Lake Charles during Beryl. When ordered to return, she told management she would sleep in her car if necessary.

28. After multiple failed attempts to find a hotel with power, she paid out of pocket for an Airbnb.

29. She was never reimbursed, though coworkers with company credit cards expensed even bar charges.

30. Plaintiff believes Defendant's true intent was to call her back under strain simply to fire her.

31. In addition, Plaintiff was asked by her supervisor to "just make up a number" for women-owned/minority-owned business participation in a government proposal.

32. This instruction to falsify compliance data shows the company's willingness to cut corners and disregard truth in dealings with government agencies.

33. The same culture of dishonesty and retaliation carried over into how Plaintiff was treated, punished, and ultimately terminated.

34. Defendant fabricated disciplinary paperwork using a generic template, not tied to any handbook or HR process.

Exhibit A- Attached to Complaint filed by Plaintiff Makayla Moss

35. Plaintiff was not permitted to complete the employee statement section during the write-up meeting.

36. After her write-up, she submitted her rebuttal to the HR representative through Teams messages.

37. Plaintiff was never provided with an employee handbook, HR policy manual, or any training on how to report sexual harassment or discrimination.

38. Plaintiff also never received any sexual harassment prevention training. This failure left her and others without guidance on how to report harassment or handle inappropriate conduct.

39. As a result, when Plaintiff experienced discrimination and harassment, she was forced to raise concerns informally through emails and Teams messages rather than through an established reporting system.

40. On or about July 11, 2024, Plaintiff emailed her department head reporting her belief that she was being discriminated against on the basis of sexual orientation.

41. Within minutes of sending that email, the supervisor called Plaintiff into her office and terminated her, smiling and laughing during the termination.

42. After her firing, Plaintiff called the HR representative, who first claimed the termination was for insubordination, then changed it to performance, but could not provide a single example of either.

43. These inconsistent explanations demonstrate pretext.

44. After termination, Defendant retaliated by submitting false statements to the Texas Workforce Commission (TWC) — including claims that Plaintiff was evicted, did not live in her home, and had power after Beryl.

45. All were untrue. Plaintiff has court records and documentation disproving them.

46. When Plaintiff personally spoke with TWC, staff recognized the inconsistencies, saw through Defendant's misrepresentations, and granted unemployment benefits.

47. After her termination, Defendant went out of its way to dig into Plaintiff's personal life in search of justification. This is the only way they could have known about Plaintiff's prior eviction case, which had already been dismissed.

48. Despite knowing or easily being able to confirm that dismissal, Defendant submitted the eviction to TWC as if it were true. This demonstrates that Defendant was actively looking

Exhibit A- Attached to Complaint filed by Plaintiff Makayla Moss

for reasons to damage Plaintiff's credibility and livelihood, further evidencing retaliation and malice.

49. The supervisor also falsely told Plaintiff that "most everyone is back at the office" after Beryl, even though many employees living off-island had not returned due to vacations or personal reasons.

50. Plaintiff was unfairly singled out.