United States District Court
Southern District of Texas
**ENTERED**
February 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAKAYLA MOSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-4494 |
| | § | |
| SLSCO, LTD. & MODCORR, LLC, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the Court is Defendants' Motion to Transfer Venue (Document No. 12). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

### I. BACKGROUND

This case involves alleged employment discrimination. Plaintiff Makayla Moss ("Plaintiff") was hired by Defendants SLSCO, Ltd. ("SLSCO") and ModCorr, LLC ("ModCorr") (collectively "Defendants") to manage trade show and marketing operations. Plaintiff alleges that she was retaliated against, excluded from meetings, and later disciplined for being lesbian and open about her same-sex relationship with her African American partner.[1]

---

[1] *See Plaintiff's Complaint*, Document No. 1, Exhibit A at 1 (*Statement of Facts*).

Based on the foregoing, on September 18, 2025, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting a claim against Defendants for violations of "Title VII of the Civil Rights Act of 1964."[2] On January 29, 2026, Defendants moved to transfer venue to the Galveston Division of the United States District Court for the Southern District of Texas.[3] On February 2, 2026, Plaintiff responded in opposition.[4]

## II. LAW & ANALYSIS

Defendants contend that venue should be transferred pursuant to "the mandatory forum-selection clause in Plaintiff's employment offer letter[.]"[5] Plaintiff contends that the motion to transfer should be denied contending that "public-interest factors strongly weigh against transfer."[6] The Court construes all *pro se* filings liberally. *See Erickson v. Paradus*, 551 U.S. 89, 94 (2007).

The Supreme Court has long held that a forum selection clause can be enforced by a motion to transfer. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist.*

---

[2] *Plaintiff's Complaint*, Document No. 1, Exhibit 2 at 1 (*Civil Cover Sheet*).

[3] *See Defendants' Motion to Transfer Venue*, Document No. 12 at 1.

[4] *Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue*, Document No. 13 at 1.

[5] *Defendants' Motion to Transfer Venue*, Document No. 12 at 2.

[6] *Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue*, Document No. 13 at 2.

*Court for W. Dist. of Tex.*, 571 U.S. 49, 51 (2013). When a valid forum selection clause is found, "that forum-selection [clause] should control except in unusual cases." *Id.* The Fifth Circuit generally recognizes four cases in which a forum selection clause does not control: "where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Haynsworth v. The Corporation*, 121 F.3d 959 (5th Cir. 1997) (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991)). Most pertinent here, the Fifth Circuit has held that "the closely-related doctrine may under limited circumstances bind non-signatories to a contract's forum selection clause[.]" *Franlink Incorporated v. BACE Services, Incorporated*, 50 F.4th 432, 445 (5th Cir. 2022).

Here, Defendants contend that the forum selection clause is "presumptively valid and enforceable" and that "ModCorr may enforce the forum-selection clause under the closely-related doctrine[.]"[7] In response, Plaintiff contends that the present

---

[7] *Defendants' Motion to Transfer Venue*, Document No. 12 at 4, 6.

3

motion should be denied contending that "Plaintiff resides in Houston . . . Transfer would impair access to justice . . . Title VII provides independent venue rights . . . the offer letter was non-negotiated . . . both Defendants conduct substantial business in Houston . . . ModCorr was not a signatory to the employment offer letter . . . [and] Defendants have not shown extraordinary circumstances justifying transfer[.]"[8] The Court will consider, in turn, each Defendants' arguments pertaining to the forum selection clause.

### A. Defendant SLSCO

Defendants contend that a valid forum selection clause exists.[9] In response, Plaintiff contends that the Defendants "have not demonstrated extraordinary public-interest circumstances warranting transfer."[10] Plaintiff's argument represents a clear misunderstanding of the requirements under the law. The Supreme Court has long held that the plaintiff "as the party defying the forum-selection clause, has the burden of establishing that a transfer to the forum for which the parties bargained is unwarranted." *Atlantic Marine Const. Co.*, 571 U.S. at 51. A review of the record in this matter reveals that a contract was entered into by Defendant SLSCO and

---

[8] *Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue*, Document No. 13 at 2–5.

[9] *See Defendants' Motion to Transfer Venue*, Document No. 12 at 4.

[10] *Plaintiff's Opposition to Defendants' Motion to Transfer Venue*, Document No. 28 at 5.

4

Plaintiff providing that "[e]xclusive venue for any litigation between the parties hereto shall be in Galveston County, Texas" and that "[t]he parties . . . specifically consent to the jurisdiction of the State District Courts of Galveston County and the United States District Court for the Southern District of Texas, Galveston Division."[11] Furthermore, the record reveals that Plaintiff provides no contentions as to any of the Fifth Circuit's four recognized cases where a forum selection clause does not control.[12] Based on the foregoing, and the Supreme Court's clear guidance that, absent unusual circumstances, a forum selection clause controls, the Court finds that the forum selection clause should be enforced. As such, the Court finds that the matter should be transferred with respect to Defendant SLSCO. The Court will now consider the forum selection clause as it applies to Defendant ModCorr.

---

[11] *Defendants' Motion to Transfer Venue*, Document No. 12, Exhibit 1 at 4 (*Employment Contract*).

[12] The Court notes Plaintiff's arguments in her response to Defendants' current motion. *See Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue*, Document No. 13 at 2–5. However, a review of Plaintiff's contentions reveal that Plaintiff is unable to assert that any of the Fifth Circuit's four recognized cases where a forum selection clause does not apply here. Namely, the Court notes that this Court and the Galveston Division of the United States District Court for the Southern District of Texas, are in the same district and apply the same laws. As such, there is no conflict of laws nor concern with the familiarity of governing laws. To the extent Plaintiff contends that the forum selection clause is invalid because "the offer letter was non-negotiated[,]" the Court notes the clear guidance of the Fifth Circuit that the incorporation of a forum selection clause through fraud may invalidate said clause, but further notes a clear distinction between a fraudulent contract and non-negotiated contract. *Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue*, Document No. 13 at 4.

5

## B. *Defendant ModCorr*

Defendants contend that ModCorr "may enforce the forum-selection clause under the closely-related doctrine[.]"[13] In response, Plaintiff contends that "ModCorr was not a signatory to the employment offer letter" and that "[e]ven assuming arguendo that ModCorr may attempt to invoke the forum-selection clause under a 'closely related' theory, the Court must still independently weigh public interest factors as to both Defendants."[14] A review of the record in this matter reveals that Defendants "share common ownership and operate within the same corporate structure[.]"[15] Based on the foregoing, and the clear guidance of the Fifth Circuit with respect to the closely related doctrine, the Court finds that the two Defendants in this matter are closely related.[16] As such, the Court finds that the forum selection clause should be enforced with respect to Defendant ModCorr, and that Defendants' motion should be granted accordingly.

---

[13] *Defendants' Motion to Transfer Venue*, Document No. 12 at 6.

[14] *Plaintiff's Response in Opposition to Defendants' Motion to Transfer Venue*, Document No. 13 at 4.

[15] *Defendants' Motion to Transfer Venue*, Document No. 12 at 6; *see Defendants' Motion to Transfer Venue*, Document No. 12, Exhibit 2 at 1 (*Texas Franchise Report*).

[16] With respect to Plaintiff's contention that the public factors must be independently weighed, the Court incorporates its previous findings and reasoning and notes that any applicable public factors are identical with respect to both Defendants.

## III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Transfer Venue (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that this case is **TRANSFERRED** to the United States District Court for the Southern District of Texas, Galveston Division.

SIGNED at Houston, Texas, on this __17__ day of February, 2026.

                                                          _____
                                                          DAVID HITTNER
                                                          United States District Judge