United States District Court
Southern District of Texas

**ENTERED**

March 24, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| MAKAYLA MOSS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00050 |
| | § | |
| SLSCO, LTD. *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

This employment discrimination case has been referred to me for all pretrial purposes. *See* Dkt. 26. There are three motions pending before me: (1) Defendants SLSCO, Ltd. ("SLS") and ModCorr LLC's motion to dismiss, in which ModCorr seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim, and SLS seeks dismissal pursuant to Rule 12(b)(5) for insufficient service of process (Dkt. 21); (2) Plaintiff Makayla Moss's motion for an extension of time to effect service (Dkt. 22) on SLS; and (3) Moss's motion to reissue summons for SLS (Dkt. 24).

Having reviewed the briefing, the record, and the applicable law, I recommend that Moss's motion for an extension of time to serve SLS be granted, that her motion to reissue summons be denied as moot, and that the United States Marshals be directed to serve SLS in accordance with the summons issued on December 12, 2025. *See* Dkt. 9. I further recommend that the motion to dismiss as to SLS be denied and the motion to dismiss as to ModCorr be granted.

### BACKGROUND

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). Moss, representing herself, filed her original complaint in the United States District Court for the Southern District of Texas, Houston Division, on September 12, 2025, naming SLS as the sole defendant. *See* Dkt. 1.

When she filed her complaint, Moss also requested permission to proceed in forma pauperis ("IFP"), without prepaying fees or costs. *See* Application to Proceed in District Court Without Prepaying Fees or Costs, *Moss v. SLSCO, Ltd.*, No. 4:25-mc-01728 (S.D. Tex. Sep. 12, 2025), ECF No. 1. On September 18, 2025, Judge Alfred H. Bennett granted Moss's IFP application and ordered the clerk "to file the complaint and issue a summons" and for the Marshals "to serve the summons with a copy of the complaint and this order on the defendant(s)." Order to Proceed Without Prepaying Fees or Costs, *Moss v. SLSCO, Ltd.*, No. 4:25-mc-01728 (S.D. Tex. Sep. 12, 2025), ECF No. 2. That same day, the Clerk filed Moss's complaint and instituted Case No. 4:25-cv-04494.

On November 6, 2025, Moss filed her first amended complaint naming SLS *and* ModCorr as defendants. *See* Dkt. 6. In that pleading, Moss identified the service address for SLS as CT Corporation System, 1999 Bryan St Ste 900, Dallas, Texas 75201. *See id.* at 1. The docket sheet shows that summonses were also issued for both SLS and ModCorr and delivered to the Marshals on November 6, 2025.

On December 3, 2025, Magistrate Dena Hanovice Palermo issued an Order of Non-Compliance and Resetting Rule 16 Conference. *See* Dkt. 7. In that order, Magistrate Palermo observed that "[p]roof of timely service of the Defendant(s) has not been filed with the Court." *Id.* at 1. Magistrate Palermo warned Moss: "If proof of service is not filed by January 10, 2026, this case may be dismissed. *See* Fed. R. Civ. P. 4(m) (requiring defendant(s) to be served within 90 days after the filing of the complaint)." *Id.*

On December 12, 2025—nine days after Magistrate Palermo issued her order—Moss filed her Second Amended Complaint. *See* Dkt. 8. That same day, the Clerk issued summons for SLS and ModCorr. *See* Dkt. 9. The summons shows that Moss requested that SLS be served c/o InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701. *See id.* at 3–4.

On January 29, 2026, SLS and ModCorr filed a motion to transfer venue to the Galveston Division. *See* Dkt. 12. Judge David Hittner granted the motion on

2

February 17, 2026, and the case was transferred to the Galveston Division and given the instant case number 3:26-cv-00050. *See* Dkt. 18.

On March 3, 2026, Defendants filed their motion to dismiss. Defendants argue that: (1) Moss's "claims against SLS should be dismissed under Rule 12(b)(5) for insufficient service, as the 90-day period under Rule 4(m) has expired without service" on SLS; and (2) Moss's "claims against ModCorr should be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies, as ModCorr was not named in her EEOC charge." Dkt. 21 at 2. In response, Moss has moved for an extension of time to effect service on SLS and to reissue summons for SLS. *See* Dkts. 22, 24. I begin by addressing Moss's purported failure to serve SLS.

## SLS'S RULE 12(b)(5) MOTION TO DISMISS

SLS seeks dismissal of Moss's claims against it pursuant to Rule 12(b)(5) for insufficient service of process. It is undisputed that SLS has not yet been properly served with process in this matter.

### A.    LEGAL STANDARD

#### 1.    *Rule 12(b)(5)*

"A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014). "It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat'l Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979). "A court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant." *Tr. Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1486 (5th Cir. 1997) (quotation omitted). If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5).

Under Rule 4(c)(1), a summons must be served with a copy of the complaint, and the plaintiff is responsible for having the summons and complaint served on the defendant within the time allowed by Rule 4(m). "A motion to dismiss pursuant

3

to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). "[T]he plaintiff bears the burden of establishing [the] validity" of the service of process. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

### 2.    *Service of Process in Cases Involving IFP Plaintiffs*

"Special rules govern the procedure for service of process in cases involving *in forma pauperis* plaintiffs like [Moss]." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). Under 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in [IFP] cases." Rule 4(c)(3) goes hand-in-hand with § 1915(c), providing that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."

Once an IFP plaintiff has taken reasonable steps to identify the defendant(s), Rule 4(c)(3) and § 1915(c) "stand for the proposition that the court is *obligated* to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." *Lindsey*, 101 F.3d at 446 (cleaned up).

As the Fifth Circuit has explained:

> If proper service is not made within 120 days of filing the complaint, the action is subject to sua sponte dismissal, without prejudice, by the district court after notice to the plaintiff. Fed. R. Civ. P. 4(m). However, dismissal is improper "if the plaintiff shows good cause for the failure" to properly effect service. *Id.* We have held that to establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice. Upon a showing of good cause, the district court

"shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).[1]

*Id.* (cleaned up).

## B.    ANALYSIS

Moss filed her complaint on September 18, 2025. *See* Dkt. 1. Under Rule 4(m), Moss was required to serve SLS by Wednesday, December 17, 2025. On December 3, 2025—two weeks *before* the service deadline—Magistrate Palermo warned Moss that her case would be dismissed if proof of service was not filed by January 10, 2026. *See* Dkt. 7 at 1. A mere nine days later, Moss filed her Second Amended Complaint, and summonses for both SLS and ModCorr were delivered to the Marshals. *See* Dkts. 8, 9. The summons shows that on December 12, 2025— five days *before* the service deadline—Moss requested service on SLS via InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701. *See* Dkt. 9 at 3– 6. Coincidentally, this is the same address to which Moss requests that summons be reissued, and the address at which SLS would be served if Moss is granted an extension of time. *See* Dkt. 22 at 1; Dkt. 24 at 1.

SLS does not dispute that InCorp Services, Inc. is its registered agent for service of process. Nor does SLS dispute that it can be served with process if a summons is sent to InCorp at 815 Brazos Street, Suite 500, Austin, Texas 78701. It is doubtful that SLS could dispute this information, as InCorp is listed as SLS's registered agent on the Texas Comptroller's website:

---

[1] *Lindsey* quoted an earlier version of Rule 4(m). The current version states that "the court *must* extend the time for service for an appropriate period" if the plaintiff shows good cause. Fed. R. Civ. P. 4(m) (emphasis added).

**SLSCO LTD.**

| | |
|---|---|
| Texas Taxpayer Number: | 32035045593 |
| Mailing Address: | 6702 BROADWAY ST<br>GALVESTON, TX 77554 - 8906 |
| Right to Transact Business in Texas: ◯ | ACTIVE |
| State of Formation: | TX |
| SOS Registration Status (SOS status updated each business day): | ACTIVE |
| Effective SOS Registration Date: | 03/14/2007 |
| Texas SOS File Number: | 0800787709 |
| Registered Agent Name: | INCORP SERVICES, INC. |
| Registered Office Street Address: | 815 BRAZOS ST, SUITE 500<br>AUSTIN, TX 78701 |

*See* Franchise Tax Account Status, https://comptroller.texas.gov/taxes/franchise/account-status/search/32035045593 (Mar. 18, 2026 at 11:21 a.m.). Rather, SLS wants this court to punish a pro se litigant who, five days *before* the deadline to serve SLS, *correctly* identified SLS's registered agent for service of process and requested that the Marshals serve SLS via that agent.

This court will do no such thing. In the Galveston Division, we like to try cases on their merits, and we do not punish pro se litigants for a service failure that is attributable to the Marshals and not to the plaintiff.

"By virtue of Rule 4(c)(3) and 28 U.S.C. § 1915(d), a party proceeding *in forma pauperis*, as is the case here, is entitled to rely on the United States Marshal and officers of the court for service of the summons and complaint." *Counce v. Wolting*, No. 13-3199, 2017 WL 661583, at *3 (D. Kan. Feb. 17, 2017). "If the necessary information has been provided, the plaintiff will not be penalized with dismissal of the case when service fails because the Marshal or clerk's office does not perform the duties specified by rule and statute." *Id.* SLS does not dispute that Moss provided the correct service information for SLS on December 12, 2025, five days before the service deadline. Whatever the reason for the delay in serving SLS, it is not attributable to Moss. Accordingly, Defendants' motion to dismiss (Dkt. 21) should be denied as to SLS.

Relatedly, Moss's motion for an extension of time to effect service (Dkt. 22) should be granted. Moss's motion to reissue summons (Dkt. 24) should be denied as moot. The Marshals already have a summons with the correct registered agent for service of process and the correct service address—they simply have not served SLS yet. Accordingly, I recommend that the Marshals be directed to effect service on SLS.

## MODCORR'S RULE 12(b)(6) MOTION TO DISMISS

ModCorr seeks dismissal of Moss's claims against it pursuant to Rule 12(b)(6) for failure to state a claim. Specifically, ModCorr argues that Moss cannot state a claim against it because she failed to exhaust her administrative remedies as to ModCorr by failing to name ModCorr in her charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"). Additionally, ModCorr argues that, even if Moss had exhausted her administrative remedies as to ModCorr, her claims against ModCorr are time-barred because Moss "added ModCorr after the 90-day deadline from her EEOC right-to-sue letter expired, and relation back under Rule 15(c) is unavailable absent mistaken identity, which is not present here." Dkt. 21 at 2–3.

### A.    LEGAL STANDARD

#### 1.    *Rule 12(b)(6)*

When evaluating a motion to dismiss for failure to state a claim, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). Under this standard, a district court must demand "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotations omitted). In ruling on a motion to dismiss,

my "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### 2. *Exhaustion of Administrative Remedies and the 90-Day Filing Requirement*

"Before filing a claim under Title VII in federal court, plaintiffs must first exhaust their administrative remedies by filing a charge of discrimination with the [EEOC] within a statutorily mandated time period." *Wiggins v. Golden Corral Corp.*, 802 F. App'x 812, 814 (5th Cir. 2020) (quotation omitted). "Administrative exhaustion for Title VII claims is mandatory (but not jurisdictional), and courts will dismiss claims not properly exhausted." *Id.* (cleaned up). "[A] party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge." *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988). In addition to the identity-of-interest exception, the Fifth Circuit also recognizes an exception for a defendant who had "actual notice of the charge and an opportunity to participate in conciliation." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014). Only the identity-of-interest exception is at issue in this case.

The Fifth Circuit has adopted a four-part test to determine "whether there was sufficient identity-of-interest between the named and the unnamed party so that the unnamed party could be sued in court despite not being named in the charge." *Id.* at 482. That four-part test considers:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 482–83.

In addition to the naming requirement, "Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1)). "[T]he ADA incorporates by reference the procedures applicable to actions under Title VII," including the 90-day filing requirement. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor*, 296 F.3d at 379.

## B.    ANALYSIS

Moss filed her Charge with the EEOC on May 17, 2025. *See* Dkt. 1-5. In the section asking Moss to name "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that [she] believe[s] discriminated against [her] or others," Moss named only SLS, despite there being space to name two entities. *See id.* at 1. The only time that Moss referenced ModCorr in her Charge is when she asserted that she "was removed from the ModCorr account." *Id.*

Moss received her right-to-sue letter on June 20, 2025. *See* Dkt. 1-4. Pursuant to the 90-day filing requirement, Moss had until September 18, 2025, to sue any defendant that she wants to hold liable for the claims discussed in her Charge. Moss filed her complaint on September 18, 2025, naming only SLS as a defendant. Moss did not add ModCorr as a defendant until November 6, 2025, after the statutory limitations period had closed.

In her response to Defendants' motion to dismiss, Moss does not contest that ModCorr was not named as her employer in her Charge, and was not named

as a defendant in this lawsuit until after the 90-day filing deadline. In fact, this is the sum of Moss's response as to ModCorr:

- The EEOC charge describes events involving the **ModCorr account**
- The allegations arise from the same workplace events involving SLSCO and ModCorr
- The entities share overlapping operational relationships

  Because the claims arise from the same conduct described in the EEOC charge, dismissal at this stage would be premature.

Dkt. 23 at 2. None of these arguments establish that ModCorr and SLS are so related that Moss should be excepted from Title VII's naming requirement or the 90-day filing requirement.

Moss has alleged zero facts from which this court could reasonably conclude that SLS and ModCorr are essentially one in the same. There is no reason to believe that ModCorr was Moss's employer. Moss has never alleged as much. The fact that ModCorr is mentioned in Moss's allegations against SLS, and that the SLS and ModCorr appear to do business together, are simply not sufficient to bring ModCorr within the identity-of-interest exception to the naming requirement. Because Moss did not name ModCorr in her Charge and did not name ModCorr in this lawsuit until after the 90-day deadline, I find that Moss has not exhausted her administrative remedies as to ModCorr and that, even if she had, her claims against ModCorr are time-barred.

For these reasons, Defendants' motion to dismiss should be granted as to ModCorr.

### CONCLUSION

For the reasons discussed above, I recommend that Moss's motion for extension of time (Dkt. 22) be granted, Moss's motion to reissue summons be denied as moot (Dkt. 24), Defendants' motion to dismiss (Dkt. 21) be denied as to SLS, and the Marshals be ordered to effect service on SLS. I further recommend that Defendants' motion to dismiss (Dkt. 21) be granted as to ModCorr.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this __24th__ day of March 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE